UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIETA M. MORA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUEST DIAGNOSTICS INCORPORATED; and DOES 1 through 100,<br><br>Defendants. | CASE NO.: CV-10-2658 GHK (FFMx)<br><br>CLASS ACTION<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: March 5, 2010<br>Los Angeles County Superior Court<br>Case No. BC433285<br><br>Date of Removal: April 12, 2010 |

Subject to the approval of this Court, Plaintiff JULIETA M. MORA ("Named Plaintiff"), as well as others allegedly similarly situated ("Opt-out Plaintiffs") (Named Plaintiffs and Opt-out Plaintiffs are collectively "Plaintiffs"), on the one hand, and Defendant QUEST DIAGNOSTICS INCORPORATED ("Quest" or "Defendant"), on the other hand, hereby stipulate, by and through their respective counsel, to the following Protective Order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will likely involve production of confidential, commercially sensitive, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than litigating this matter would be warranted. Furthermore, the parties desire to memorialize their agreement regarding inadvertent production of privileged materials and/or materials protected by the attorney work product doctrine. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things that (a) reveal confidential, commercially sensitive, trade secret,[1] and/or proprietary information regarding Defendant, or its parent or affiliates; or (b) reveal personal and/or confidential non-public information about any current or former employee of Quest or any third

[1] As used herein, the term "trade secret" shall be defined pursuant to California law.

party, including, without limitation, salary and other personnel information, as well as all other types of information that are protected by all applicable rights of privacy.

   2.4   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.5   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

   2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information or Items.

   2.7   Privileged Material: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, testimony, transcripts, or tangible things, that are subject to the attorney-client privilege and/or the attorney work product doctrine.

   2.8   Protected Material: any Disclosure or Discovery Material that constitutes Confidential Information or Items. As set forth in Section 5.2, the documents, information, items or materials that are subject to the protective order shall be affixed with the label, "CONFIDENTIAL".

   2.9   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10  House Counsel: attorneys who are employees of a Party (as well as their internal support staffs).

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulation and Order not only apply to Protected Material (as defined above), and Confidential Information and Items, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material and Confidential Information and Items.

All Court orders will be presumptively available to the public. If a Party files evidence under seal pursuant to Paragraph 9 of this Stipulation, all papers that refer to or rely upon such evidence shall designate the particular aspects that are

confidential. This will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

In the event that the case proceeds to trial, all of the information filed with the Court that was designated as Protected Material and/or Confidential Information and Items becomes public and will be presumptively available to all members of the public, unless sufficient cause is shown in advance of trial to proceed otherwise.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that it designated information or items inadvertently, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.,* Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" by use of a watermark, or a label at the top, bottom or right margin of each page that contains protected material or, alternatively, on the first page of a multipage document, if the entire document is protected.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Information or Items. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and then label the material in accordance with the procedures set forth above.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring, or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as Confidential Information or Items. For deposition

testimony that may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may, during the time allocated for the witness to review and execute the deposition transcript, identify the specific portions of the testimony as Confidential Information or Items.

Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information or Items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential Information or Items after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 In the event any Party disagrees at any point with the designation by the Designating Party of any information as "CONFIDENTIAL," the parties shall first

try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either the Designating Party or the Receiving Party may move the Court for an order protecting or removing the confidential status of the information. Until the Court rules on the motion, all Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the "CONFIDENTIAL" designation.

6.2 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Party exercised reasonable diligence in doing so.

6.3 ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

6.3.1 Basic Principles. A Receiving Party may use Protected Material and Confidential Information and Items that are disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material and Confidential Information and Items may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material and Confidential Information and Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.4 Disclosure of Confidential Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Confidential Information or Items only to:

6.4.1 the Receiving Party's Counsel in this action;

6.4.2 the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

6.4.3 Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.4.4 the Court and its personnel;

6.4.5 court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

6.4.6 during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material and Confidential

Information and Items must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; or

6.4.7 the author of the document or the original source of the information.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information or Items, the Receiving Party must notify the Designating Party in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after the receipt of the subpoena or order. Such notification must include a copy of the subpoena or court order. Notwithstanding the foregoing, the time-period may be extended beyond three days if the notifying party has reasonable justification for the delay.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the

expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material and Confidential Information and Items to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and Confidential Information and Items, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Notwithstanding the foregoing, this does not preclude the Designating Party from pursuing all rights and remedies that may arise and/or result from the disclosure.

9. FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

Prior to filing Protected Material and Confidential Information and Items in the public records, the moving Party shall seek to file the Protected Material and Confidential Information and Items under seal.

10. PRIVILEGED MATERIAL

The parties shall be permitted but not obligated to review materials for privilege and/or work product protection prior to producing them in this matter. Nothing in this Stipulated Protective Order compels a Party to produce Privileged Material protected by the attorney-client privilege or attorney work product doctrine, and no Party entering into this Stipulated Protective Order waives its right to assert objections based on the attorney-client privilege or attorney work product doctrine, and refrain from producing such Privileged Material, unless such production is agreed to by the Parties or ordered by the Court.

If a Producing Party discovers that it has produced Privileged Material, it may notify the Receiving Party, which will promptly destroy or return all copies of such Privileged Material. Furthermore, if the Receiving Party has already disclosed the Privileged Materials prior to receiving this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their destruction. Moreover, the Receiving Party shall not use or distribute the Privileged Materials for any purpose except pursuant to court order or as otherwise authorized by the court. Unless otherwise agreed by the parties in writing, no party shall be permitted to retain Privileged Materials after receiving notification under this section, even if the parties dispute the privilege and/or work product status of the materials. If the parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party will produce new copies of the materials.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party

must destroy or return all Protected Material and Confidential Information and Items to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and Confidential Information and Items. Whether the Protected Material and Confidential Information and Items is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60) deadline that identifies (by category, where appropriate) all the Protected Material and Confidential Information and Items that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material and Confidential Information and Items. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material and Confidential Information and Items. Any such archival copies that contain or constitute Protected Material and Confidential Information and Items remain subject to this Protective Order as set forth in Section 4, above.

12. MISCELLANEOUS

12.1 Right to Further Modification. Nothing in this Order abridges the right of any person to seek its modification by mutual agreement of the Parties or the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

12.3 Right to Challenge Admissibility. No Party waives any right to object on any ground to use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

12.4 Right to Seek Additional Protective Treatment. Nothing in this Order abridges the right of any person to seek additional protective treatment for any Confidential Information or Items.

12.5 Right to Injunctive Relief. Because the Designating Party's legal remedies may be inadequate, the Parties agree that injunctive relief may be an appropriate remedy to prevent any person or Party from using or disclosing Protected Material in violation of the Order. In the event the Receiving Party, or any other person or entity, violates or threatens to violate any of the terms of this Order, the Parties agree that the Designating Party, with appropriate notice to the Receiving Party, may apply the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Order.

**IT IS SO STIPULATED.**

Dated: October 14, 2010

LAW OFFICE OF JUSTIAN JUSUF, APC

By: ______________________
Justian Jusuf

Attorneys for Plaintiff
JULIETA M. MORA

Dated: October 14, 2010

SIDLEY AUSTIN, LLP

By: Jonathan Brenner /dbt
Jonathan Brenner

Attorneys for Defendant
QUEST DIAGNOSTICS INCORPORATED

**THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.**

Dated: ____________, 2010

The Honorable George H. King
United States District Court Judge

- 15 -

PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION
CV-10-2658-GHK (FFMx)

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JULIETA M. MORA, individually and on behalf of others similarly situated,

Plaintiff,

vs.

QUEST DIAGNOSTICS INCORPORATED; and DOES 1 through 100,

Defendants.

CASE NO.: CV-10-2658 GHK (FFMx)

CLASS ACTION

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

Complaint Filed: March 5, 2010
Los Angeles County Superior Court
Case No. BC433285

Date of Removal: April 12, 2010

By signing this document, I hereby certify that I have read the Protective Order ("Order") in the above-captioned case. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter. I hereby consent to the personal

and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

Dated: ______________________________

Signature

______________________________

Name (Printed)